13-1483
Chen v. Lynch

BIA
A078 853 767

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand fifteen.

PRESENT:
      ROSEMARY S. POOLER,
      BARRINGTON D. PARKER,
      DEBRA ANN LIVINGSTON,
          *Circuit Judges.*

_____

SHU YU CHEN,
      *Petitioner,*

     v.                      13-1483

                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[*]
      *Respondent.*

_____

FOR PETITIONER:        Thomas D. Barra, New York, New York.

---

    [*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Michele Y. F. Sarko, Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shu Yu Chen, a native and citizen of China, seeks review of an April 1, 2013, decision of the BIA denying her motion to reopen. *In re Shu Yu Chen*, No. A078 853 767 (B.I.A. Apr. 1, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). Aliens seeking to reopen proceedings may move to reopen no later than 90 days after the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, this time limitation does not

2

apply if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings."  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Chen's motion to reopen was untimely; she filed it in 2013, nearly nine years after the agency rendered its final decision.  The BIA determined that she failed to carry her heavy burden of demonstrating material changed country conditions that would excuse her delay.  Specifically, the agency concluded that Chen's motion was predicated on a change in her personal circumstances – converting to Christianity and participating in demonstrations – rather than a change in China.  This was no abuse of discretion. As this Court has made clear, "[a] self-induced change in personal circumstances cannot suffice" to excuse an untimely motion to reopen, particularly if the petitioner undertakes those changes while under a final order of removal. *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

Chen asserts that the BIA ignored reports showing changed country conditions for Falun Gong practitioners.

3

But the BIA considered those reports in finding that Chen is not *prima facie* eligible for asylum because she failed to satisfy her obligation to "make some showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Chen submitted reports on the Chinese government's practice of harvesting organs from Falun Gong practitioners; she did not demonstrate that this practice would impact her as a Falun Gong supporter. As a consequence, the BIA reasonably concluded that Chen failed to establish a sufficient ground for her claimed fear of persecution.

Because we affirm the BIA's conclusion that Chen failed to establish *prima facie* eligibility for asylum, Chen's arguments that she is eligible for withholding of removal and relief under the Convention Against Torture necessarily also fail because those claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Accordingly, remand as to these claims would be futile.

4

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk